UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-00432-SVW-E | Date | August 15, 2019 |
| Title | *Reyna Hernandez v. Ford Motor Company et al.* | | |

**JS-6**

| | |
|---|---|
| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]

### I. Introduction and Background

On December 18, 2018, Plaintiff Reyna Hernandez filed the instant suit against Defendants Ford Motor Company ("Ford Motor") and Santa Monica Ford ("Santa Monica Ford"). Dkt. 1-2. Plaintiff asserts claims against Ford Motor for: (1) violation of Cal. Civ. Code § 1793.2(d); (2) violation of Cal. Civ. Code § 1793.2(b); (3) violation of Cal. Civ. Code § 1793.2(a)(3); (4) breach of an express written warranty; and (5) breach of the implied warranty of merchantability. *Id.* Plaintiff brings one claim against Santa Monica Ford: negligent repair. *Id.*

On January 18, 2019, Defendants removed the action to this Court. Dkt. 1. The alleged basis for removal was diversity of citizenship. *Id.* Plaintiff now moves to remand the action to state court on the ground that Defendants have not met their burden to establish diversity jurisdiction. Dkt. 12.

### II. Summary of Allegations

#### A. Allegations of the Complaint

The crux of Plaintiff's allegations is that in 2015, Plaintiff purchased a 2015 Ford Explorer that was manufactured by Ford Motor and that developed a variety of defects during the warranty period, including defective door panels and problems with the engine, battery, coolant gauge, and transmission.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

Dkt. 1-2 ¶¶ 8, 10. Plaintiff alleges that Ford Motor was unable to service or repair the vehicle to conform to the applicable express warranties after a reasonable number of opportunities. *Id.* ¶ 12. Plaintiff also alleges that Plaintiff delivered the vehicle to Santa Monica Ford for substantial repair on at least one occasion, and Santa Monica Ford failed to properly store, prepare, and repair the vehicle in accordance with industry standards. *Id.* ¶¶ 35, 37. Plaintiff seeks actual damages, restitution, and civil penalties. *Id.* at 7-8.

### B.  Allegations of the Notice of Removal

Defendants allege removal jurisdiction based on complete diversity of the parties. Ford Motor is a citizen of Delaware and Michigan. Dkt. 1 ¶ 22. Ford Motor removed the action alleging that Plaintiff is a citizen of California. *Id.* ¶ 21. Santa Monica Ford is also alleged to be a citizen of California. *Id.* ¶ 23. However, Ford Motor alleges that Santa Monica Ford is a sham defendant, joined only to defeat diversity jurisdiction.[1] *Id.* ¶ 24.

## III.  Legal Standard

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of

---

[1] This is a litigation tactic that Ford Motor has often employed, to little success. *See, e.g., Torres v. Ford Motor Co.*, No. SACV 18-00232-CJC(DFMx), 2018 WL 4182487 (C.D. Cal. Aug. 30, 2018); *Watson v. Ford Motor Co.*, No. 18-cv-00928-SI, 2018 WL 3869563 (N.D. Cal. Aug. 15, 2018); *Cavale v. Ford Motor Co.*, No. 1:18-cv-00680-LJO-BAM, 2018 WL 3811727 (E.D. Cal. Aug. 9, 2018); *Audo v. Ford Motor Co.*, No. 3:18-cv-00320-L-KSC, 2018 WL 3323244 (S.D. Cal. July 6, 2018); *Jimenez v. Ford Motor Co.*, No. CV 18-3558-JFW(ASx), 2018 WL 2734848 (C.D. Cal. June 5, 2018); *Chipley v. Ford Motor Co.*, No. 18-cv-01161-YGR, 2018 WL 1965029 (N.D. Cal. Apr. 26, 2018); *Cardenas v. Ford Motor Co.*, No. CV 18-1090 DSF (PLAx), 2018 WL 2041616 (C.D. Cal. Apr. 23, 2018); *Blowers v. Ford Motor Co.*, No. CV 17-8224-JFW (KSx), 2018 WL 654415 (C.D. Cal. Jan. 31, 2018).

removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

**IV.    Analysis**

Plaintiff contends that Defendants have failed to meet their burden to establish diversity jurisdiction because they have not established that Santa Monica Ford is fraudulently joined. Only if a court finds that a defendant was fraudulently joined simply to defeat complete diversity and the defendant "cannot be liable on any theory" may the court disregard the citizenship of the "sham" defendant for removal purposes. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (stating that fraudulent joinder occurs where a plaintiff's failure to state a claim is "obvious according to the settled rules of the state"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.") (emphasis added). Furthermore, the Ninth Circuit has held that a defendant is not fraudulently joined as long as any "deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *GranCare, LLC v. Thrower by & Through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

Here, Ford Motor contends that Santa Monica Ford is a sham defendant because the only claim against it is a negligent repair claim, and Plaintiff cannot state a negligent repair claim because the claim is barred by the economic loss rule. Dkt. 1 ¶ 37. According to Ford Motor, the economic loss rule bars any claim for negligent repair unless the alleged losses are accompanied by personal injury or physical damage to property, and here Plaintiff has not alleged any personal injury or property damage. *Id.* ¶¶ 37-38.

Ford Motor's allegations in the Notice of Removal are insufficient to establish that Santa Monica Ford cannot be liable on any theory. In particular, it is not obvious under California law that Plaintiff's negligent repair claim against Santa Monica Ford is barred by the economic loss rule. Plaintiff's complaint alleges that Santa Monica Ford failed to properly store, prepare, and repair the vehicle in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00432-SVW-E | Date | August 15, 2019 |
|---|---|---|---|
| Title | *Reyna Hernandez v. Ford Motor Company et al.* | | |

accordance with industry standards. Although the economic loss rule generally only "allows a plaintiff to recover . . . in tort when a product defect causes damage to 'other property,' that is, property *other than the product itself*," *Jimenez v. Superior Court*, 29 Cal. 4th 473, 483 (2002) (emphasis in original), there are some exceptions. For example, the "economic loss rule does not necessarily bar recovery in tort for damage that a defective product (e.g., a window) causes to other portions of a larger product (e.g., a house) into which the former has been incorporated." *Id.* This exception to the economic loss rule has "over time expanded to include damage to one part of a product caused by another, defective part." *Id.* at 484 (internal citation and quotation marks omitted). The question of whether an economic loss rule exception will ultimately apply in this case is not for the Court to determine at this stage; rather, the Court is to assess only whether there is a possibility that a state court would find that the complaint does—or an amended complaint could—state a claim. The Court finds that there is such a possibility,[2] and accordingly grants Plaintiff's motion to remand.

## V. Conclusion

The Court GRANTS Plaintiff's motion and REMANDS the case to state court for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

---

[2] For example, Plaintiff has alleged defects to the transmission assembly as well as to parts connected to the transmission assembly, including the driver axle.